ELLENOFF GROSSMAN & SCHOLE LLP
Amanda M. Fugazy
Paul P. Rooney
Valerie Bluth
1345 Avenue of the Americas, 11th Floor
New York, NY 10105
(212) 370-1300 (telephone)
(212) 370-7889 (facsimile)
afugazy@egsllp.com

*Attorneys for Defendants Michael Stapleton Associates Ltd. and Michael O'Neil*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
THOMAS BROWN, on behalf of himself and others similarly situated,

                        Plaintiffs,

      -against-

MICHAEL STAPLETON ASSOCIATES, LTD., doing business as MSA SECURITY, and MICHAEL O'NEILL,

                        Defendants.
-------------------------------------------------------------------X

Case No. 17-CV-7158 (AJN)

**DEFENDANTS' ANSWER TO THE COMPLAINT**

Defendants Michael Stapleton Associates, Ltd., d/b/a MSA Security ("MSA") and Michael O'Neil ("O'Neil"), sued incorrectly herein as "O'Neill" (hereinafter collectively "Defendants"), by and through their undersigned counsel, hereby answer Plaintiff's Complaint (the "Complaint") as follows:

### AS TO "INTRODUCTION"

1. Deny, except admit Plaintiff brings his claims under the statutes listed in paragraph "1"

2. Paragraph "2" states legal conclusions to which no response is required. To the extent a response is required the allegations are denied.

## AS TO "PARTIES"

3. Without knowledge or information sufficient to form a belief as to the truth of the allegations, except admit Plaintiff is a current MSA employee.

4. Admit.

5. Admit.

## AS TO "JURISDICTION AND VENUE"

6. Admit.

7. Deny, except that admit venue is proper in this district.

8. Deny, except admit this Court has personal jurisdiction over Defendants.

## AS TO "FACTUAL BACKGROUND"

9. Admit.

10. Deny.

11. Deny, except admit MSA has numerous government contracts and is an enterprise actively engaged in interstate and international commerce providing Explosive Canine Detection service to clients.

12. Admit.

13. Admit.

14. Deny.

15. Deny.

16. Deny, except admit Plaintiff is a current employee of MSA.

17. Deny, except admit Plaintiff is a current employee of MSA.

18. Without knowledge or information sufficient to form a belief as to the truth of the allegations, except admit Plaintiff is a current MSA employee.

19. Without knowledge or information sufficient to form a belief as to the truth of the allegations, except admit Plaintiff is a current MSA employee.

20. Admit.

## AS TO "COLLECTIVE ACTION ALLEGATIONS"

21. Deny, except admit Plaintiff purports to bring this case as a collective action.

22. Deny, except admit this action is brought on behalf of Plaintiff.

23. Deny.

24. Deny.

25. Deny.

26. Without knowledge or information sufficient to form a belief as to the truth of the allegations.

27. Deny.

28. Without knowledge or information sufficient to form a belief as to the truth of the allegations.

29. Deny.

## AS TO "RULE 23 CLASS ACTION ALLEGATIONS"

30. Deny.

31. Deny.

32. Deny.

33. Without knowledge or information sufficient to form a belief as to the truth of the allegations.

34. Deny.

35. Deny.

36. Deny.

37. Deny.

38. Without knowledge or information sufficient to form a belief as to the truth of the allegations.

39. Without knowledge or information sufficient to form a belief as to the truth of the allegations.

40. Deny, except admit Plaintiff is an hourly employee.

41. Deny.

42. Deny.

43. Deny, except admit that MSA required Plaintiff to train and care for one of MSA's EDCs which lives in Plaintiff's home, that MSA's EDC lives and works with Plaintiff but remains MSA's property, and that the canine may be removed from possession and care of Plaintiff, and other handlers, by MSA at MSA's discretion.

44. Deny, except admit that MSA has stated that it has "a highly-successful Explosive Detection Canine (EDC) program that is rooted in an unmatched training philosophy and truly unique-to-the-industry focus on the development of single-purpose, single-handler teams that are trained exclusive in explosive odor detection."

45. Deny, except admit MSA has stated that it "[d]ogs are trained daily utilizing either food or play rewards depending on their individual interest and always using real, uncontaminated explosives."

46. Admit.

47. Admit.

48. Deny the allegations of Paragraph 52, except without knowledge or information sufficient to form a belief as to the truth of the allegations that, in actual practice, trace amounts of explosives were hidden in vehicles or in rooms or in a backyard in a prescribed manner, that the dogs were required to find those explosives, or that the dogs were rewarded for finding the explosives with food, which was fed to them one handful per session by the plaintiff handlers.

49. Deny, except admit that MSA requires handlers to train/feed their assigned canines 7 days per week, 365 days per year and that some training must be provided when handlers are not "on the clock."

50. Deny.

51. Deny, except admit MSA required Plaintiffs to perform bomb-sniffing dog training and document it and without knowledge or information sufficient to form a belief as to the truth of the allegation that at least one meal is provided to canines by MSA handlers on any regular work day when handlers are off-duty and unpaid.

52. Deny, except admit dog training is integral to MSA's business, and that MSA made the statement quoted in Paragraph 55 on its internet website.

53. Deny.

54. Deny, except admit Plaintiff and other handlers were required to train their dogs on days when they did not work using the dogs to sniff for explosives.

55. Deny, except admit that all MSA dog handlers had the same duties to train and care for their EDCs.

56. Deny.

57.   Deny.

58.   Deny, except without knowledge or information sufficient to form a belief as to the truth of the allegations that, for some assignments, plaintiffs were not paid for lunch hours, and not paid for breaks, regardless of the length of the tour of duty.

59.   Deny, except admit that Plaintiff was required to attend training and certification classes in Windsor, Connecticut approximately twice per year.

60.   Admit.

61.   Without knowledge or information sufficient to form a belief as to truth of the allegations, except admit that handlers worked and lived with their assigned canines

62.   Deny, except admit MSA asserted ownership and control over the dogs paired with Plaintiffs, while the dogs worked for MSA, and could and did remove canines from handlers' possession.

63.   Admit.

64.   Without knowledge or information sufficient to form a belief as to the allegations, and deny that "by design" Plaintiffs took dogs as pets involuntarily and deny the implication that Plaintiffs involuntarily took the dogs as pets, and admit that, as a general matter, when bomb-sniffing dogs reached the age of nine or ten, such dogs were retired because MSA deemed them to be too old to perform their required functions, that handlers adopted such dogs and kept them as pets, and that handlers were assigned new younger dogs.

65.   Deny except without knowledge or information sufficient to form a belief as to the truth of the allegations as to why Plaintiffs chose to care for the dogs they had worked with and kept as pets.

66. Without knowledge or information sufficient to form a belief as to the truth of the allegations, except admit that MSA represented in writing that all veterinary costs of the bomb-sniffing dogs would be covered by MSA and admit that MSA did not cover veterinary costs of dogs that were retired.

67. Deny.

## AS TO "COUNT ONE
## FLSA OVERTIME VIOLATIONS"

68. Defendants incorporate by reference all preceding averments in their answer.

69. Paragraph 69 states a legal conclusion to which no response is required. To the extent a response is required, Defendants admit the allegations.

70. Deny.

71. Deny.

72. Deny the allegations, except the first sentence of paragraph 72 states a legal conclusion to which no response is required, admit that Plaintiff was required to walk, feed, groom, train, and clean up after his EDC and was required to perform Defendants' explosive detection training program.

73. Deny.

74. Deny.

## AS TO "COUNT TWO
## NYLL AND NYCRR OVERTIME VIOLATIONS"

75. Defendants incorporate by reference all preceding averments in their answer.

76. Paragraph 76 states a legal conclusion to which no response is required. To the extent a response is required, Defendants admit the allegations.

77. Paragraph 77 states a legal conclusion to which no response is required. To the extent a response is required, Defendants admit the allegations.

78. Deny.

79. Deny.

80. Deny.

81. Deny.

82. Deny.

83. Deny.

84. Deny.

### AS TO "COUNT THREE
### FLSA/SCA PREVAILING WAGE VIOLATIONS"

85. Defendants incorporate by reference all preceding averments in their answer.

86. Paragraph 86 states a legal conclusion to which no response is required. To the extent a response is required, Defendants admit the allegations.

87. Deny, except admit that Plaintiff was paid $28.00 per hour and without knowledge or information sufficient to form a belief as to whether Plaintiff provided services at Federal Government buildings, property and facilities.

88. Without knowledge or information sufficient to form a belief as to the truth of the allegations.

89. Deny.

90. Deny.

91. Deny.

92. Deny.

## AS TO "COUNT FOUR
## NYLL PREVAILING WAGE VIOLATIONS"

93. Defendants incorporate by reference all preceding averments in their answer.

94. Paragraph 94 states a legal conclusion to which no response is required. To the extent a response is required, Defendants admit the allegations.

95. Deny.

96. Deny.

97. Deny.

98. Deny.

99. Deny.

## AS TO "COUNT FIVE
## NYLL FAILURE TO PAY WAGES AND WAGE SUPPLEMENTS"

100. Defendants incorporate by reference all preceding averments in their answer.

101. Deny, except admit that New York law protects plaintiff from underpayment of wages and without knowledge or information sufficient to form a belief as to the allegation that New York law protects plaintiff from "improper employment practices" because that phrase is vague, ambiguous, and undefined in the complaint.

102. Paragraph 102 states a legal conclusion to which no response is required. To the extent a response is required, Defendants admit the allegations.

103. Without knowledge or information sufficient to form a belief as to the allegations, but admit Plaintiff is an "employee" for purposes of NYLL § 190.

104. Paragraph 104 states a legal conclusion to which no response is required. To the extent a response is required, Defendants admit the allegations.

105. Deny, except admit that MSA is an "employer."

106. Deny.

107. Deny.

108. Deny.

109. Deny.

110. Deny.

## AS TO "COUNT SIX
## NYLL 195(3) FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS"

111. Defendants incorporate by reference all preceding averments in their answer.

112. Deny, except admit that MSA, to the extent NYLL § 195(3) applied to Plaintiff, was required to provide Plaintiff with a wage statement that complied with that law.

113. Deny.

114. Deny.

## AS TO "COUNT SEVEN
## NYLL 198(1-A) LIQUIDATED DAMAGE"

115. Defendants incorporate by reference all preceding averments in their answer.

116. Deny.

117. Deny.

## DEFENSES

118. Without assuming the burden of proof as to any of the following defenses where the law does not impose such burden on Defendant, Defendant asserts the following defenses:

### AS AND FOR A FIRST DEFENSE

119. Plaintiff's complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND DEFENSE

120. Plaintiff cannot recover liquidated damages on behalf of himself or any other employees under the FLSA because Defendants at all times acted in good faith and believed that their conduct was not in violation of the FLSA or any other federal, state or local laws, rules, regulations or guidelines.

## AS AND FOR A THIRD DEFENSE

121. To the extent that the Plaintiff could establish that the Defendants are liable under the FLSA (and he cannot), recovery must be limited because the Defendants did not act willfully.

## AS AND FOR A FOURTH DEFENSE

122. Any act or omission on the part of the Defendants was in good faith and they had reasonable grounds for believing that such acts or omissions were not in violation of and were in conformity with the FLSA, written administrative regulations, orders, rulings, approvals or interpretations of the U.S. Department of Labor and, therefore, some or all of the claims in the Complaint are barred.

## AS AND FOR A FIFTH DEFENSE

123. The Complaint is barred, in whole or in part, by the doctrine of payment.

## AS AND FOR A SIXTH DEFENSE

124. Defendants are entitled to a set-off with respect to Plaintiff for monies already paid, including for any hours that Plaintiff was not working.

## AS AND FOR A SEVENTH DEFENSE

125. This action is barred, in whole or in part, as a result of Plaintiff's own wrongful and dilatory conduct and his own actions or inactions.

### AS AND FOR AN EIGHTH DEFENSE

126. To the extent any overtime might have been inadvertently underpaid or unpaid, any amounts owed are *de minimis* and thus Plaintiff may not recover.

### AS AND FOR A NINTH DEFENSE

127. Plaintiff cannot maintain this action as a collective action and collective certification is not appropriate pursuant to section 216(b) of the FLSA.

### AS AND FOR A TENTH DEFENSE

128. The complaint is barred, in whole or in part, because the named Plaintiff cannot establish he is similarly situated to other employees for the purposes of 29 U.S.C. §216(b). Thus, collective certification and class certification are not appropriate.

### AS AND FOR AN ELEVENTH DEFENSE

129. The complaint is barred, in whole or in part, because the named Plaintiff has failed to satisfy the statutory prerequisites to proceed collectively under 29 U.S.C. § 216(b).

### AS AND FOR A TWELFTH DEFENSE

130. There does not exist a class of persons who are similarly situated to the Plaintiff with respect to the application of FLSA.

### AS AND FOR A THIRTEENTH DEFENSE

131. Plaintiff is subject to the executive, professional, or administrative exemptions from the minimum wage and overtime pay requirements of the FLSA and applicable state law.

### AS AND FOR A FOURTEENTH DEFENSE

132. Upon information and belief, Plaintiff failed to act reasonably to mitigate his alleged damages.

## AS AND FOR A FIFTEENTH DEFENSE

133. Defendants reserve the right to raise additional defenses and to supplement those asserted upon discovery of further information and further investigation of Plaintiff's claims.

## AS AND FOR A SIXTEENTH DEFENSE

134. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

135. Plaintiff has failed to exhaust his administrative remedies with respect to his prevailing wage claims under federal, state and local law.

**WHEREFORE**, Defendants respectfully pray that the Court enter judgment dismissing the Complaint, with prejudice, denying each and every one of Plaintiff's claims and prayers for relief, and granting Defendants their costs and such other and further relief as this Honorable Court deems just, equitable, and proper.

Respectfully submitted,

ELLENOFF GROSSMAN & SCHOLE LLP

By: _____/S/_____
    Paul P. Rooney
    Amanda M. Fugazy
1345 Avenue of the Americas, 11th Floor
New York, New York 10105
(212) 370-1300 (tel.)
(212) 370-7889 (fax)
Email: prooney@egsllp.com
Email: afugazy@egsllp.com

*Counsel for Defendants*
*Michael Stapleton Associates, Ltd. and*
*Michael O'Neil*

Dated: November 20, 2017
       New York, New York