UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re MICHAEL STAPLETON ASSOCIATES,
LTD employment litigation

Master File No. 1:17-cv-05468 (GWG)

### ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT, SERVICE AWARDS, AN AWARD OF ATTORNEYS' FEES AND EXPENSES, AND THE ENTRY OF FINAL JUDGMENT

This matter having come before the Court for a fairness hearing on August 8, 2019, pursuant to the Court's Order Approving Notice to Class and Collective Action Members and Scheduling Fairness Hearing entered March 29, 2019 ("Order") (Dkt. No. 203), with notice having been given to the Settlement Class Members, as required by the Order, and the Court having considered all papers filed and proceedings had herein to determine the fairness of and final approval of the parties settlement ("Settlement"), and otherwise being fully informed and for good cause shown, the Court finds that the Settlement, reached by the parties, with the amendments noted below, is fair, reasonable, adequate, and in the best interest of the Collective and New York and California Classes and satisfies all requirements of Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 23(a) and (b)(3) and Section 216(b) of the Fair Labor Standards Act ("FLSA").

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. This Order incorporates by reference the definitions in the Settlement Agreement and all exhibits, addendums, stipulations, and schedules thereto.

2. This Court has subject matter jurisdiction over this litigation and has jurisdiction over members of the Collective and New York and California Classes.

3. After consideration of the evidence, the Court finds that the mailing and distribution of the Notice of Class Action Settlement ("Notice"), together with the Claim Form and Release, constituted the best notice practicable under the circumstances, and that such Notice, including individual notice to Settlement Class Members whose mailing addresses and other contact information were identified through reasonable effort constituted valid, due, and sufficient notice to all persons entitled thereto, complying with the requirements of Fed. R. Civ. P. 23 and due process.

4. Pursuant to Fed. R. Civ. P. 23 and *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), this Court hereby approves the Settlement, finds it is, in all respects, fair, reasonable, adequate, and in the best interest of Class Members, and satisfies the requirements of Fed. R. Civ. P. 23(a) and (b)(3). *See City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974). The Settlement reflects a reasonable compromise over difficult and unsettled issues involving wage and hour laws. The Court directs that the Settlement be consummated in accordance with the terms and conditions set forth in this Order, and orders all Parties to take the necessary steps to effectuate the Settlement.

5. The Court finally certifies the following Settlement Classes:

    a. under Fed. R. Civ. P. 23(a) and (b)(3), all individuals who were employed as Explosive Detection Canine Handlers by Defendants in the State of New York from July 18, 2011 through November 10, 2018 and all individuals who were employed as Explosive Detection Canine Handlers by Defendants in the State of California from July 18, 2014 through November 10, 2018; and

  b. under 29 U.S.C. § 216(b), all current and former Explosive Detection Canine Handlers employed by Defendants between May 22, 2014 and November 10, 2018.

6.  The Court hereby makes the following findings of fact:

  a. Class Counsel has vigorously prosecuted this case and conducted extensive investigation of the governing law, relevant facts, and relevant documents. During the prosecution of the litigation, Class Counsel and Defendants' counsel undertook meaningful investigation and the parties exchanged sufficient information and discovery to fully and fairly evaluate the claims and defenses asserted by the parties, and to make an informed decision about the Settlement.

  b. The distribution of the Settlement is fair, reasonable, and equitable.

  c. The Settlement provides for a Gross Settlement Fund of $14,500,000.00 under which all Class Members and Collective Members will receive an amount based on the number of weeks that he or she worked during the respective Class Periods and Collective Periods.

  d. The Settlement is amended to provide for a $10,000 Service Award each John Barrett, Bill Beaury, Joseph Belcastro, Peter Brown, Michael Geidel, John Hansen Hansen, Joseph C. McWilliams, Joseph Narcolo, Richard Narciso, Patrick O'Connor, Joseph Tallini, Thomas Brown, Phillip Blackmon, Juan Gomez, Zahir Mohammed, David Ceruti, and Michael Mascia.

  e. The Settlement provides that Retaliation Plaintiffs will receive separate payments from the Gross Settlement Fund to settle their claims of retaliation.

Joseph McWilliams shall receive $25,000.00, and Juan Gomez shall receive $10,000.00.

f. The Settlement also provides for a payment of 25% of the total Settlement Fund for attorneys' fees (which shall be no more than $3,625,000.00), plus $25,802.75 for Class Counsel's out-of-pocket expenses,

g. Class Administrator fees are to be paid in the amount of $75,000.00.

h. Given the disputed issues of fact and law and the risks to the Settlement Class Members, and the further delay that would be caused by continued litigation, including potential trial, and the subsequent appeal of any judgment after trial, the Settlement is fair, reasonable, and in the best interests of the Settlement Class Members.

i. Considering the factual and legal issues in dispute, anticipated motion practice, the possibility of trials and appeals, and the expected duration of litigation, the terms and amount offered in the Settlement are highly favorable.

j. Class Counsel has extensive experience in wage and hour collective and class action litigation and Class Counsel is therefore well equipped to negotiate a fair settlement for the named Plaintiffs, Opt-in Plaintiffs, and Settlement Class Members. Class Counsel's opinion merits great weight both because of Class Counsel's familiarity with the litigation and because of their extensive experience in similar actions. Defendants' counsel likewise has experience in this area and they too believe that the Settlement is fair and reasonable.

k. All counsel represented the interests of their clients vigorously and devoted a considerable amount of time, effort, and resources to secure the terms of the

4

Settlement, including the plan of allocation and distribution to ensure a fair, adequate, and equitable distribution.

7. Based on those findings of fact, the Court hereby ORDERS as follows:

a. The terms and provisions of the Settlement have been entered into in good faith and are hereby fully and finally approved (except to the extent they have been amended as stated in this Order) as fair, reasonable, adequate, and in the best interests of the Settlement Classes, and in full compliance with all applicable due process requirements. The Parties are hereby directed to comply with the terms of the Settlement and this Order and Final Judgment.

b. The Settlement is hereby approved as fair and reasonable. The allocation and distribution as set forth in the Settlement are final. The Court amends the Settlement to strike the last sentence of paragraph V.I.4 (which had permitted class counsel to distribute unclaimed money in the Reserve Fund to charity without Court approval). The Court further amends paragraph V.K.1 to provide for service awards in the amount of $10,000.

c. Neither the Settlement, nor any of its provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission by any party of the truth of any allegations in this action, or of any liability, fault, or wrongdoing of any kind.

d. The Named Plaintiffs, Opt-in Plaintiffs, and all members of the Settlement Classes shall be bound by all of the terms, obligations, and conditions of the Settlement, including but not limited to the release of claims set forth therein, and all determinations and judgments in this action concerning the Settlement.

e. All Class Members, including all Named and Opt-in Plaintiffs Class, will release Defendants from wage and hour claims that were asserted or could have been asserted in this lawsuit.

f. The Named Plaintiffs, the Opt-in Plaintiffs, and all Class Members release Defendants from all FLSA claims that were asserted or could have been asserted in this lawsuit.

g. All claims against Defendants in this action as provided in the Court approved Release are dismissed with prejudice but the Court shall retain exclusive and continuing jurisdiction over the construction, interpretation, implementation, and enforcement of the Settlement and over the administration and distribution of the Settlement Fund.

h. Having reviewed the appropriate case law, the requests for Service awards are granted. Rust Consulting ("Rust") is hereby ordered to pay $10,000 each to John Barrett, Bill Beaury, Joseph Belcastro, Peter Brown, Michael Geidel, John Hansen Hansen, Joseph C. McWilliams, Joseph Narcolo, Richard Narciso, Patrick O'Connor, Joseph Tallini, Thomas Brown, Phillip Blackmon, Juan Gomez, Zahir Mohammed, David Ceruti, and Michael Mascia.

i. The request for the Retaliation Plaintiffs to receive separate payments from the Gross Settlement Fund to settle their claims of retaliation is granted, and Rust shall pay to Joseph C. McWilliams $25,000.00 and Juan Gomez $10,000.00.

l. Having reviewed the applicable case law and Class Counsel's billing records, and having conducted a cross-check with Class Counsel's lodestar

6

calculation, and with no objection from Defendants or any class member, the Court finds that Class Counsel's application for attorneys' fees in the amount of 25% of the total Settlement Fund for attorneys' fees (which shall be no more than $3,625,000.00) is fair and reasonable and is granted. Having reviewed Class Counsel's request for reimbursement of out-of-pocket expenses and accounting of all expenses, and with no objection by Defendants, Class Counsel's request for expenses in the amount of $25,802.75 is granted.

j. Rust is to be paid $75,000.00 for administration fees from the Settlement Amount.

8. The Clerk is requested to enter a final judgment in this case (17 Civ. 5468). This case (17 Civ. 5468) and all related cases (17 Civ. 7158, 17 Civ. 7480, and 18 Civ. 936) shall be closed.

**SO ORDERED**, this 9th day of August, 2019, New York, New York.

_____
The Honorable Gabriel W. Gorenstein, U.S.M.J.